IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYAN M. PISANI,                    *

     Plaintiff,                    *

v.                                  *           Civil No. WDQ-12-1654

BALTIMORE CITY POLICE DEPT., et al.,  *

     Defendant.                    *

       *     *     *     *     *     *

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Baltimore City Police Department's Motion to Compel, For Sanctions, or in the Alternative to Extend Scheduling Order ("Motion to Compel") (ECF No. 12).[1]  Plaintiff Bryan M. Pisani did not file a response to the Motion to Compel and the time for doing so has passed.  *See* Loc. R. 105.2.  I find that a hearing is not necessary.  *See* Loc. R. 105.6.  For the reasons stated herein, the Motion to Compel is GRANTED IN PART and DENIED IN PART. This Memorandum Opinion and its accompanying Order dispose of ECF No. 12.

## I.    BACKGROUND

Bryan M. Pisani ("Mr. Pisani"), *pro se*, sued the Baltimore City Police Department (the "BCPD") for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. (ECF No. 1). The defendants filed a Motion to Dismiss (ECF No. 5), to which Mr. Pisani did not file a response. The Motion to Dismiss was granted in part and denied in part, with the Court dismissing all claims except for

---

[1] On January 17, 2014, Judge Quarles referred this case to me for all discovery and related scheduling matter pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 14).

Mr. Pisani's Title VII retaliation claim against BCPD. (ECF Nos. 7 & 8). The Court issued a scheduling order (ECF No. 10) on September 3, 2013, which set forth a January 16, 2014 discovery deadline, a January 23, 2014 deadline for requests for admission, and a February 18, 2014 deadline for the filing of dispositive motions.

On December 13, 2013, BCPD sent to Mr. Pisani a Notice of Deposition and Request for Document Production and its First Set of Interrogatories to Plaintiff. (ECF Nos. 12-1 at 2, 12-3 & 12-4). The deposition of Mr. Pisani was scheduled to take place on January 13, 2014. Mr. Pisani did not appear for the scheduled deposition and failed to produce any documents or responses to interrogatories. (ECF Nos. 12-1 at 3 & 12-5). BCPD indicates that the mailings it sent Mr. Pisani have not been returned as undeliverable, and that Mr. Pisani has not contacted counsel for the BCPD regarding any of its outstanding discovery requests. (ECF No. 12-1 at 3). Counsel for the BCPD attempted to contact Mr. Pisani by telephone on January 16, 2014, but he failed to return counsel's call. (ECF Nos. 12 at 4 & 12-1 at 3).

## II.    DISCUSSION

Fed. R. Civ. P. 26(b)(1) permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories," and Fed. R. Civ. P. 34 provides that "[a] party may serve on any other party a [document production] request within the scope of Rule 26(b)." BCPD properly served

on Mr. Pisani twenty interrogatories (ECF No. 12-4) and sixteen requests for production of documents (ECF No. 12-3 at 5-6). *See* Fed. R. Civ. P. 26, 33-34.

Fed. R. Civ. P. 33 and 34 require the responding party to respond to interrogatories and requests for production of documents within thirty (30) days, and Fed. R. Civ. P. 37(a)(3)(B)(iii) provides that a party seeking discovery may move to compel a response if the other party fails to respond to a discovery request. In the event the responding party fails to comply with a court order compelling the production of discovery, the requesting party may file a Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b) and the Court may issue the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Fed. R. Civ. P. 37(d)(1)(A)(i) permits a court to order sanctions if a party fails, after properly being notified, to appear for a deposition. The sanctions for non-appearance at a properly noted deposition are the same as referenced in Rule 37(b)(2)(A)(i)-(vi). In addition, a court may require the party failing to appear for the deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Mr. Pisani is proceeding *pro se* and, "[a]lthough *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'"

*Dancy v. Univ. of N. Carolina at Charlotte*, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). As Mr. Pisani has brought this action against the BCPD, he has the obligation to comply with the rules that require him to provide complete and non-evasive answers to interrogatories, complete and non-evasive responses to requests for production of documents, and to attend his properly noted and scheduled deposition. Mr. Pisani (1) failed to attend the deposition scheduled for January 13, 2014; (2) failed to respond to BCPD's document production requests; and (3) failed to respond to BCPD's interrogatories. In addition, Mr. Pisani has not returned opposing counsel's telephone call concerning this discovery dispute, and has not filed a response to the Motion to Compel.

Accordingly, Mr. Pisani is hereby ORDERED to provide BCPD with complete and non-evasive responses to BCPD's Request for Production of Documents and First Set of Interrogatories to Plaintiff. *See* Fed. R. Civ. P. 37(a)(4). Mr. Pisani must produce his responses to BCPD within thirty (30) days of the date of this Memorandum Opinion and Order. Pisani is also hereby ORDERED to contact counsel for BCPD by telephone (410-396-2496) within ten (10) days of the date of the Memorandum Opinion and Order to agree upon a date, time, and place for his deposition to occur. BCPD's request to impose sanctions is DENIED as premature. BCPD's request to extend the scheduling order is GRANTED IN PART and DENIED IN PART. No party shall propound additional discovery requests. Discovery will remain open until March 10, 2014 to permit Mr. Pisani to respond to comply with this Order. In any event, Mr. Pisani's deposition shall take place on or before March 10, 2014. The deadline for requests for admission is extended to March 17, 2014. The deadline for dispositive pretrial motions is extended to April 7, 2014.

**III.    CONCLUSION**

For the reasons stated above, BCPD's Motion To Compel (ECF No. 12) is GRANTED IN PART and DENIED IN PART.  The Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to the Plaintiff Bryan M. Pisani, at the address set forth in the Complaint and reflected on the docket.

A separate Order follows.


<u>February 6, 2014</u>                                    <u>            /s/                    </u>
Date                                                              Timothy J. Sullivan
                                                                   United States Magistrate Judge