IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYAN M. PISANI,

    Plaintiff,

v.

BALTIMORE CITY POLICE
DEPARTMENT, *et al.*,

    Defendants.

Case No. WDQ-12-1654

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Defendant Baltimore City Police Department's ("BCPD") Motion for Sanctions for Noncompliance with Discovery Order ("Motion for Sanctions") (ECF No. 17).[1] Plaintiff Bryan M. Pisani ("Mr. Pisani") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, BCPD's Motion for Sanctions be granted and Mr. Pisani's case be dismissed with prejudice.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Mr. Pisani, *pro se*, sued the BCPD for employment discrimination, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. (ECF No. 1). BCPD filed a Motion to Dismiss (ECF No. 5) to which Mr. Pisani did not file a response. The Motion to Dismiss was granted in part and denied in part, with the Court dismissing all claims except for Mr. Pisani's Title VII retaliation claim against the BCPD. (ECF Nos. 7 & 8). The

---

[1] On January 17, 2014, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to resolve discovery disputes and related scheduling matters.

Court issued a scheduling order on September 3, 2013 (ECF No. 10), which set forth a January 16, 2014 discovery deadline, a January 23, 2014 deadline for requests for admissions, and a February 18, 2014 deadline for the filing of dispositive motions.

On December 13, 2013, BCPD sent to Mr. Pisani a Notice of Deposition and Request for Document Production (ECF No. 12-1 at 2 & 12-3). In the same mailing, BCPD propounded its First Set of Interrogatories to Plaintiff (ECF No. 12-1 at 3 & 12-4). The deposition of Mr. Pisani was scheduled to take place on January 13, 2014, but Mr. Pisani failed to appear and failed to produce any documents or responses to interrogatories. (ECF No. 12-1 at 3 & 12-5). Mr. Pisani has not contacted BCPD about its discovery requests or the case in general, and none of the mail BCPD has sent to Mr. Pisani has been returned as undeliverable. (ECF No. 12-1 at 3). Counsel for BCPD attempted to contact Mr. Pisani by telephone on January 16, 2014, but he did not to return counsel's call.

On January 16, 2014, BCPD filed a motion to compel seeking, among other relief, an order directing Mr. Pisani to respond to its interrogatories and document production requests, and to attend a deposition. (ECF No. 12). On February 6, 2014, I entered an order granting the motion in part and denying the motion in part. I ordered Mr. Pisani to respond to BCPD's document production requests and interrogatories within thirty days and to contact counsel for BCPD by telephone within ten days to reschedule his deposition. I expressly cautioned Mr. Pisani that if he failed to comply with the Court's order, another party could seek sanctions against him, including "dismissing the action or proceeding in whole or in part." (ECF No. 15 at 3) (quoting Fed. R. Civ. P. 37(b)(2)(A)(v)).

On March 17, 2014, BCPD filed the Motion for Sanctions (ECF No. 17). BCPD requests that the Court dismiss Mr. Pisani's lawsuit with prejudice. *Id.* BCPD's Motion for Sanctions is not accompanied by a certificate of good faith, *see* Loc. R. 104.7, but it does outline BCPD's efforts to have Mr. Pisani comply with his discovery-related obligations consistent with the Court's order. Notably, despite Mr. Pisani's failure to contact BCPD's counsel within ten days of the Court's previous order, BCPD sent notice to Mr. Pisani of another deposition to occur on March 10, 2014. Mr. Pisani did not respond to this notice and failed to appear for the deposition. Mr. Pisani has also failed to produce the documents and responses to interrogatories as previously ordered by the Court.

## II.   DISCUSSION

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss[ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

"Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d

807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see also Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. Civ. A. 94-0055, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g., Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98–2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff

twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59–60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

### A. Mr. Pisani's Bad Faith and Personal Responsibility

Under both tests, the Court must first consider Mr. Pisani's bad faith and personal responsibility in failing to comply with the Court's discovery order. As noted above, Mr. Pisani failed to appear at a properly noted deposition and failed to respond to BCPD's interrogatories and document production requests, which prompted the Court's order compelling the production of discovery. In violation of the Court's order, Mr. Pisani failed to contact BCPD's counsel to reschedule his deposition, and failed to produce documents and responses to interrogatories as directed. Mr. Pisani has been completely absent from the litigation he initiated. Tellingly, he has not filed responses to BCPD's motion to dismiss or the motions related to discovery and sanctions.

"Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id*. In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id*. Similarly, Mr. Pisani has

5

demonstrated his bad faith by failing to comply with the order compelling the same, and more broadly by essentially abandoning his claim in this Court, not only by refusing to provide requested and ordered discovery, but also by ceasing all efforts to prosecute the case he initiated. Mr. Pisani's disregard for the Federal Rules of Civil Procedure and Local Rules of this Court, as well as this Court's orders, demonstrates a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Mr. Pisani has acted in bad faith.

### B. The Materiality of the Evidence Withheld and Prejudice to Other Parties

The second factor the Court must consider is the materiality of the evidence withheld by Mr. Pisani and whether BCPD has suffered any prejudice. Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, No. PJM 04–2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), BCPD has suffered significant prejudice as a result of Mr. Pisani's continued noncompliance with discovery requests. The evidence sought by BCPD's initial discovery request goes to the heart of Mr. Pisani's claim. Mr. Pisani's failure to answer even a single interrogatory or produce a single document, or attend two scheduled depositions prejudices BCPD's ability to prepare a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). In addition, Mr. Pisani's noncompliance with the rules and orders of this Court has prompted BCPD to prepare and file a motion to compel and the instant Motion for Sanctions. BCPD has also suffered prejudice in the form of added expenses, aggravation, and delay.

### C. Mr. Pisani's History of Dilatoriness and the Need for Deterrence

The third factor the Court must consider is whether Mr. Pisani's conduct is isolated, or is part of a history of dilatoriness, and the need to deter such conduct. As outlined above, Mr.

Pisani has failed to comply with the rules of procedure in this Court, and this Court's orders concerning the scheduling of his deposition and the production of discovery. Mr. Pisani's silence to BCPD's proper discovery requests and defiance (or neglect) of this Court's order are examples of conduct that require deterrence. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (noting that conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred"). Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other district courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Mr. Pisani has chosen to ignore the rules and orders of this Court in the very action he has initiated, even after being cautioned by the Court that such conduct could result in dismissal.

### D. The Effectiveness of Lesser Sanctions

The final factor the Court must consider is whether a sanction less drastic than dismissal would be effective. No lesser sanction would be effective. Mr. Pisani has indicated through his inaction and refusal to communicate with opposing counsel that he is not inclined to follow the rules. All the while, BCPD must continue to defend itself. Considering the history of Mr. Pisani's conduct in this case and his failure to comply with this Court's order, no sanction other than dismissal with prejudice would be effective. *See Vien v. Walker*, No. PJM-12-1796, 2014 WL 900803, at *2 (D. Md. Mar. 5, 2014); *Adams v. Maryland Management Company*, No. WDQ-11-2408, 2013 WL 142074, at *2-3 (D. Md. Jan 10, 2013).

Before dismissing a case under Rules 37(d) and 41(b), the Court should also consider whether the party facing dismissal was aware that dismissal was a potential sanction. *See Green*, 188 F.R.D. at 424. Here, the Court's order dated February 6, 2014 cautioned Mr. Pisani that

dismissal was a possible sanction for his actions, but he nonetheless ignored the Order. *See* ECF No. 15 at 3.

## III.    RECOMMENDATION

Accordingly, I recommend that, following the time to object to this Report and Recommendation, pursuant to Fed. R. Civ. P. 37(d) and 41(b), the Court grant BCPD's Motion for Sanctions and dismiss with prejudice all of Mr. Pisani's claims against the BCPD.

I also direct the Clerk to mail a copy of this Report and Recommendation to Plaintiff Bryan Pisani at the address listed on Plaintiff's Complaint (ECF No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:   April 8, 2014                                    /s/
                                                         Timothy J. Sullivan
                                                         United States Magistrate Judge